UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
XIU FENG LI,

                               **OPINION & ORDER**
                Plaintiff,        **08 CV 02068 (SJF) (VVP)**

-against-

DOUGLAS HOCK and SMP INC.,

                Defendants.
----------------------------------------------------------X
FEUERSTEIN, J.

      On or about February 1, 2008, Plaintiff Xiu Feng Li ("Plaintiff") commenced this action against defendants Douglas Hock ("Hock") and SMP Inc. ("SMP") (collectively "Defendants") in the Supreme Court of the State of New York, County of Kings. Defendants removed this action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. Before the Court is the motion of Defendants to dismiss the Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)"). For the reasons set forth herein, Defendants' motion is granted.

I.      Background

      Plaintiff, a resident of New York, was employed by New Yung Wah Carrier, LLC ("NYWC"), a "New York based company." (See Pl's Counter-Statement of Material Facts, filed Jan. 22, 2009 ("Pl's Counter-Statement"), p.3.) NYWC "was in the business of selling and delivering food to restaurants." (See id.)

1

Hock, a resident of Pennsylvania, is employed by SMP, a Pennsylvania corporation with its principle place of business in New Jersey. (Defs.' Statement of Facts, filed Jan. 22, 2009 (Defs.' Statement of Facts"), at p.1.) SMP "is in the trucking business, transporting goods primarily between New Jersey and Pennsylvania." (SMP Aff., filed Jan. 22, 2009, at ¶ 2.) SMP is not licensed to transact business in the State of New York. (See id.)

On January 9, 2007, Hock was operating a 2006 Freight Line Tractor, which was owned by SMP. Hock was on route from South Carolina to New Jersey to deliver a load of lumber. (See Hock Aff., filed Jan. 22, 2009, ¶ 3.) At Approximately 8:20 p.m., Hock was traveling eastbound on Interstate 78 in Pennsylvania when his vehicle collided with a 2004 Mitsubishi Refrigerator Truck owned by NYWC and operated by Bing Hong Chen ("Chen"). At the time of the collision, Chen and Plaintiff, employees of NYWC, were on route from New York to Pennsylvania to "deliver[] food to restaurants." (Pl.'s Counter-Statement p.3.) Chen was injured and Plaintiff died as a result of the collision.

II.  Discussion

A.  Legal Standard

In order to determine whether there is a basis to exercise personal jurisdiction over a defendant, a district court is required to apply a two (2) part analysis. See <u>Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez</u>, 171 F.3d 779, 784 (2d Cir. 1999); see also <u>D.H. Blair & Co., Inc. v. Gottdiener</u>, 462 F.3d 95, 104 (2d Cir. 2006) (holding that in diversity cases, the issue of personal jurisdiction is governed by the laws of the forum state, so long as the exercise

of jurisdiction comports with the requirements of due process). First, a court will look to the law of the forum state, here New York, to determine whether there is jurisdiction over the defendant. See Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 29 (2d Cir. 1996). Second, a court "must determine whether an exercise of jurisdiction under these laws is consistent with federal due process requirements." Bank Brussels Lambert, 171 F.3d at 784.

Although the plaintiff must ultimately establish personal jurisdiction over the defendant by a preponderance of the evidence, see Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990); Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp., 751 F.2d 117, 120 (2d Cir. 1984), in opposing a Rule 12(b)(2) motion prior to discovery, "the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant. . . . Where a court [has chosen] not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials." Grand River Enter. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005), cert. denied sub nom King v. Grand River Enter. Six Nations, Ltd., 549 U.S. 951, 127 S.Ct. 379, 166 L.Ed.2d 267 (2006) (quoting Bank Brussels, 171 F.3d at 784) (citations and internal quotation marks omitted). In order to make a prima facie showing of jurisdiction, the plaintiff need only plead "legally sufficient allegations of jurisdiction." Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 184 (2d Cir. 1998); see also Dorfman v. Marriott Int'l Hotels, Inc., No. 99 Civ. 10496, 2002 WL 14363, at * 1 (S.D.N.Y. Jan. 3, 2002) (holding that when a motion to dismiss pursuant to Rule 12(b)(2) is brought on the pleadings, before any discovery has taken place, the plaintiff need only make a prima facie showing that personal jurisdiction exists, based on allegations of fact which will be taken as true).

"Unlike a motion to dismiss pursuant to Rule 12(b)(6), deciding a Rule 12(b)(2) motion necessarily requires resolution of factual matters outside the pleadings." ADP Investor Commc'n Servs, Inc. v. In House Attorney Servs, Inc., 390 F. Supp. 2d 212, 217 (E.D.N.Y. 2005). "Where the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor." Wickers Sportswear, Inc. v. Gentry Mills, Inc., 411 F. Supp. 2d 202, 205-06 (E.D.N.Y. 2006) (quoting Whitaker v. American Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001)); see also In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003) (holding that a plaintiff's averments of jurisdictional facts must be credited as true); ADP Investor, 390 F. Supp. 2d at 217 (holding that where no jurisdictional discovery has been conducted, the plaintiff need only establish a prima facie case, and allegations of jurisdictional fact must be construed in a light most favorable to the plaintiff).

B. Jurisdiction under New York Law.

The Parties do not dispute that this Court lacks jurisdiction over Defendants under New York's long arm statute, N.Y. C.P.L.R. § 302.[1] Plaintiff, however, alleges that this Court has

---

[1] Section 302 provides, in relevant part, that: "a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:" (1) " transacts any business within the state or contracts anywhere to supply goods or services in the state; or (2) "commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act;" or (3) "commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (I) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or 4. owns, uses or possesses any real property situated within the state." N.Y. C.P.L.R. § 302 (a).

jurisdiction over SMP pursuant to N.Y. C.P.L.R. § 301 ("§ 301").

Pursuant to § 301, an out-of-state defendant is subject to general personal jurisdiction[2] if it is "doing business" in the state. See Wiwa, 226 F.3d at 95. Section 301 "permits a court to exercise jurisdiction over a foreign corporation on any cause of action if the defendant is 'engaged in such a continuous and systematic course of "doing business" here as to warrant a finding of its "presence" in this jurisdiction.'" Landoil Res. Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir. 1990) (quoting McGowan v. Smith, 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 419 N.E.2d 321 (1981)). "A corporation is 'doing business' and is therefore 'present' in New York and subject to personal jurisdiction with respect to any cause of action, related or unrelated to the New York contacts, if it does business in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.'" Wiwa, 226 F.3d at 95 (quoting Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 58 (2d Cir. 1985)).

In order to establish general personal jurisdiction under § 301, a plaintiff must demonstrate that the defendant engaged in "continuous, permanent, and substantial activity in New York." Landoil Res. Corp., 918 F.2d at 1043. "The test is a 'simple pragmatic one' . . ., which is necessarily fact sensitive because each case is dependent upon its own particular circumstances." Id. (citations omitted). Factors to be considered in determining whether general jurisdiction lies under § 301 include: (1) whether the defendant maintains an office in New York; (2) whether the defendant has any bank accounts or other property within the state; (3) whether

---

[2] "General" jurisdiction exists where, as here, the plaintiff's claim is not related to the defendant's contacts in New York. See, e.g. Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 98 (2d Cir. 2000) (stating that where the plaintiffs' claims is not related to the defendants' contacts with New York, jurisdiction is properly characterized as "general.")

the defendant has a telephone listing in the state; (4) whether the defendant does public relations work or solicits business within the state; and (5) whether the defendant has employees or agents located within the state. See Wiwa, 226 F.3d at 98; Landoil Res. Corp., 918 F.2d at 1043.

"However, the [s]olicitation of business alone will not justify a finding of corporate presence in New York with respect to a foreign manufacturer or purveyor of services." Landoil Res. Corp., 918 F.2d at 1043 (citations and quotation marks omitted). Nonetheless, "if the solicitation is substantial and continuous, and defendant engages in other activities of substance in the state, then personal jurisdiction may properly be found to exist." Id. at 1043-44 (citations omitted). "Under this solicitation-plus rule, once solicitation is found in any substantial degree very little more is necessary to a conclusion of doing business." Id. at 1044 (citation and quotation marks omitted).

Plaintiff contends, *inter alia*, that: (1) Hock, on behalf of SMP, "made 20 to 50 deliveries of materials to companies within New York State within one year and a half of the accident;" (2) "presumably other driver working for [SMP]" also made deliveries into New York; and (3) SMP maintains a "website which advertise[s] that [SMP] conduct[s] a trucking business in all 48 contiguous States of the United States and in all Canadian Providences also." (Pl.'s Counter-Statement p.5.)

However, even viewing SMP's contacts with the State of New York in the light most favorable to Plaintiff, Plaintiff has not made a prima facie showing that SMP had a "substantial 'physical corporate presence' in [New York], permanently dedicated to promoting [its] interests," Wiwa, 226 F.3d at 98, sufficient to confer general personal jurisdiction over SMP. There is no evidence indicating that SMP maintains an office in New York, has bank accounts or other

property in New York, has a New York telephone listing, performs public relations work in New York, or has any employees permanently located in New York. In addition, there is no evidence indicating that SMP "substantial[ly] or continuous[ly]" solicites business in the State of New York or that SMP engages "in other activities of substance in the state." Landoil Res. Corp., 918 F.2d at 1043. Plaintiff's conclusory assertions and presumptions to the contrary, are insufficient to establish general personal jurisdiction over SMP pursuant to § 301. See, e.g. Jazini, 148 F.3d at 185 (holding that courts are not bound to accept as true a legal conclusion couched as a factual allegation).

The delivery of goods into the State of New York in this case is insufficient to confer jurisdiction under § 301. See Beacon Enter, Inc. v. Menzies, 715 F.2d 757, 763 (2d Cir. 1983) (stating "[t]he shipment of goods into New York does not ipso facto constitute 'doing business.'") (citations omitted); see also New World Capital Corp. v. Poole Truck Line, Inc., 612 F. Supp. 166, 171 (S.D.N.Y. 1985) (finding that the plaintiff's "hauling of freight into, out of, and through New York does not suffice to warrant a finding that [the plaintiff] is present and doing business in this state"). Defendants "transport goods primarily to and from New Jersey to Pennsylvania." (Forgarty Aff., filed Jan. 22, 2009, ¶ 4.) Hock stated that, within one year and a half of the accident, he has made "a couple of deliveries in the State of New York." (Hock Dep. 10:21-22, dated Apr. 1, 2008, attached as Ex. C to Pl.'s Counter-Statement.) Hock also stated, *inter alia*, that he made two (2) deliveries to Long Island, New York and that he never delivered or picked up in Queens, Staten Island or Brooklyn, New York. (See Id. at 11:12-12:7.)

In addition, SMP's maintenance of a website that advertises that it conducts business in the United States is insufficient to confer jurisdiction under § 301. See Sound Around Inc. v.

Audiobahn, Inc., 07 Civ. 773, 2008 WL 5093599, at *6 (E.D.N.Y. Nov. 24, 2008) (stating that "[w]hen solicitation involves a website, the fact that a foreign corporation has a website accessible to New York is insufficient to confer jurisdiction under C.P.L.R. § 301," however, "[a] interactive website may support the proposition that the defendant is doing business in the state.") (citations and quotation marks omitted).

This Court also lacks jurisdiction over Hock. Hock, *inter alia*, is not domiciled in New York and the incident giving rise to this action occurred in Pennsylvania. Although Plaintiff alleges that Hock was an independent contractor, the record indicates that Hock was an employee of SMP. See United Mizrahi Bank Ltd. v. Sullivan, No. 97 Civ. 9282, 2000 WL 1678040, at *3 (S.D.N.Y. Nov. 6, 2000) ("[A]n officer of the corporation does not subject himself [ ] individually to 301 jurisdiction unless he is doing business in [New York] individually.") (citation omitted). Plaintiff fails to allege sufficient facts indicating that Hock was doing business in New York. There is no evidence indicating that Hock maintains an office in New York, has bank accounts or other property in New York, has a New York telephone listing, performs public relations work in New York, or solicits business in New York. Under these circumstances, the record does not support the exercise of jurisdiction over Hock. See Aqua Products, Inc. v. Smartpool, Inc., No. 04 Civ. 5492, 2005 WL 1994013, at *5 (S.D.N.Y. Aug. 18, 2005).

C. Due Process

Even assuming, *arguendo*, that Plaintiff made a prima facie showing of general personal jurisdiction under § 301, Plaintiff has failed to show that the exercise of jurisdiction in this case

comports with constitutional due process requirements.

In order to satisfy constitutional due process requirements, the exercise of long-arm jurisdiction "must be based on defendants' 'minimum contacts' with the state and must comport with 'traditional notions of fair play and substantial justice.'" Agency Rent A Car, 98 F.3d at 32 (quoting International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed.2d 95 (1945)); see also Wiwa, 226 F.3d at 99 (accord). Where specific jurisdiction is found, minimum contacts exist "where the defendant purposefully availed itself of the privilege of doing business in the forum and could forsee being haled into court there," but where general jurisdiction is found, minimum contacts exist only where the contacts "are continuous and systematic." Bank Brussels, 305 F.3d at 127 (citations and internal quotations marks omitted). Generally, "once a plaintiff has made a 'threshold showing' of minimum contacts, the defendant must come forward with a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable." Wiwa, 226 F.3d at 99 (citing Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 568 (2d Cir.1996)).

Here, the cause of action does not arise out of Defendants' contacts with New York. Even viewing all the contacts that Plaintiff alleges that Defendants have with the State of New York in the light most favorable to Plaintiff, including, *inter alia*, Defendants' delivery of goods into the State of New York and SMP's maintenance of its website, Defendants' contacts with the State of New York are insufficient to establish "continuous and systematic" contacts to satisfy the constitutional due process requirements. Bank Brussels, 305 F.3d at 127; see also C.B.C. Wood Products, Inc. v. LMD Integrated Logistics Services, Inc., 455 F. Supp. 2d 218, 223-24

(E.D.N.Y. 2006).

Accordingly, the Defendants' motion to dismiss the action for lack of jurisdiction pursuant to Rule 12(b)(2) is granted.

III.    Conclusion

For the reasons stated herein, the motion of Defendants to dismiss this action for lack of personal jurisdiction is GRANTED. The Clerk of Court is directed to close this case.

**SO ORDERED.**

_____
Sandra J. Feuerstein
United States District Judge

Dated: January 29, 2009
Central Islip, New York